**Dismissed and Memorandum Opinion filed October 25, 2011.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00868-CR

_____

**DARYL CHROSTOPHER PRYOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1269804**

## MEMORANDUM   OPINION

Appellant entered a guilty plea to robbery.   In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on August 17, 2011, to confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice.   No motion for new trial was filed.   Appellant filed a pro se notice of appeal on September 29, 2011.   We dismiss the appeal.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial.   *See* Tex. R. App. P. 26.2(a)(1).   A notice of appeal in compliance with the requirements of Rule 26 is essential

to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances, it can take no action other than to dismiss the appeal. *Id.*

Moreover, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).